UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PATRICIA ANN SHIRLEY,<br><br>　　　　　Defendant. | No. 2:18-cr-0004 DB-3<br><br><br>ORDER |

In an information filed January 9, 2018, the government charged defendant with the following misdemeanors: (1) one count of conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 371 and, (2) seven counts of theft of property subject to a grant or assistance under the National School Lunch Program or Child and Adult Food Care Program in violation of 42 U.S.C. § 1760(g). (ECF Nos 1, 56.) Before the court is defendant's motion to dismiss the information for failure to state an offense. (ECF No. 58.) The court heard argument on the motion on May 21, 2019. Attorney Etan Zaitsu appeared for defendant. Assistant United States Attorney Stephen Cody appeared for the government. After considering the briefs and arguments of counsel, this court will deny defendant's motion.

**BACKGROUND**

The government alleges that defendant conspired to and stole school lunch food and supplies from an elementary school which purchased the food and supplies with funds obtained

through federal grant programs.[1]  Defendant entered her not guilty plea and consented to the jurisdiction of a magistrate judge on February 20, 2018.  (ECF Nos. 13, 14.)  She filed a motion to dismiss for failure to state an offense on January 23, 2019.  (ECF No. 43.)  After hearing argument on February 19, 2019, this court denied the motion to dismiss and, construing the motion as one for a bill of particulars, granted that motion.  (ECF No. 52.)  On March 5, 2019, the government filed a bill of particulars in which it identified the federal grant programs at issue as the National School Lunch Program, 42 U.S.C. § 1751, et seq., and the Child and Adult Food Care Program, 42 U.S.C. § 1766.  (ECF No. 56.)  Those grants are provided through the School Lunch Programs, 42 U.S.C. § 1751, et seq., and the Child Nutrition Act, 42 U.S.C. § 1771, et seq.

On March 20, 2019, defendant filed a second motion to dismiss.  In that motion, which is presently before the court, defendant contends that:  (1) section 1760(g) does not apply to the theft of food and supplies because the language of the statute limits its reach to the funds provided to schools in reimbursement for school lunches provided (see ECF No. 58 at 4-6; and (2) the statute is ambiguous and should not be construed to apply to the theft of food and supplies (see id. at 6-13).  The government argues that the school used federal grant funds to purchase food and supplies and therefore the theft of those items falls within the statutory language.  The government further argues that the plain language of the statute covers the theft of federally-funded food and supplies.

**MOTION TO DISMISS**

**I.    Legal Standards for Motion to Dismiss the Information**

Under Federal Rule of Criminal Procedure 12(b), "a party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b).  "In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment."  See United States v. Boren, 278 F.3d 911, 914 (9th Cir. 2002) (citations omitted).  On a motion to dismiss an indictment for failure to state an offense, the court must accept the truth of the allegations in the

---

[1] Two co-defendants faced similar charges.  Both entered into plea agreements with the government.

2

indictment in analyzing whether a cognizable offense has been charged. See United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996). Further, a "motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence. In sum, Rule 12 should not be used to determine general issues of guilt or innocence. Boren, 278 F.3d at 914 (citation omitted).

An information or indictment fails to state an offense if the facts alleged "fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." United States v. Vitillo, 490 F.3d 314, 321 (3rd Cir. 2007) (citation omitted).

**II.    Does the Statute Apply only to Theft of Funds Provided by the Grants?**

The statutory section at issue is part of the federal laws governing funding for school lunch programs. It is 42 U.S.C. § 1760(g):

> (g) Criminal penalties
>
> Whoever embezzles, willfully misapplies, steals, or obtains by fraud any funds, assets, or property that are the subject of a grant or other form of assistance under this chapter or the Child Nutrition Act of 1966, whether received directly or indirectly from the United States Department of Agriculture, or whoever receives, conceals, or retains such funds, assets, or property to personal use or gain, knowing such funds, assets, or property have been embezzled, willfully misapplied, stolen, or obtained by fraud shall, if such funds, assets, or property are of the value of $100 or more, be fined not more than $25,000 or imprisoned not more than five years, or both, or, if such funds, assets, or property are of a value of less than $100, shall be fined not more than $1,000 or imprisoned for not more than one year, or both.

Defendant argues that the term "any funds, assets, or property that are the subject of a grant" refers only to the federal monies provided as reimbursement for qualifying school lunches. Under the school lunch funding scheme, schools are reimbursed after-the-fact for the number of lunches actually served. See 42 U.S.C. § 1757(e). Defendant makes a fairly tortured argument that because any food stolen could not have been served to students, the school never received reimbursement for it. Therefore, the argument continues, that stolen food was not the "subject of a grant." However, as the government points out, practically, defendant's argument is nonsensical. It is apparent that, for the system to work, schools pay for food based on funding received from the federal government. The fact that the amount of money received is based on

////

3

the number of meals previously served does not change the fact that, according to the information, defendant stole "food and food service supplies" "that were the subject of a grant.[2]"

The court recognizes that this prosecution appears to be unique. The parties have both been unable to find any case law regarding the application of § 1760(g) to food and supplies purchased with grant funds. This court's own research reveals no directly relevant case law either.[3] The few cases citing this section appear to involve charges for fraud to obtain federal school lunch funds. See, e.g., United States v. Sorcher, No. 05 CR 0799 NG RLM, 2007 WL 1160099 (E.D. N.Y. Apr. 18, 2007) (defendants charged with making fraudulent claims for school lunch program funds); United States v. Evans, 44 F. App'x 449 (10th Cir. 2002) (defendants provided fraudulent paperwork for reimbursement for meals not served).

However, very similar language in a different federal grant statute has been used to prosecute defendants for theft of property paid for with federal grant funds. The statute at issue in these cases provided funding for employment training. Under a prior version of 18 U.S.C. § 665, criminal penalties could be imposed for the theft of property which was the "subject of a grant:"

> Theft or embezzlement from manpower funds; improper inducement
> (a) Whoever, being an officer, director, agent, or employee of, or connected in any capacity with, any agency receiving financial assistance under the Comprehensive Employment and Training Act of 1973 [CETA] <u>embezzles, willfully misapplies, steals, or obtains by fraud any of the moneys, funds, assets, or property which are the subject of a grant</u> or contract of assistance pursuant to this Act shall be fined not more than $10,000 or imprisoned for not more than two years, or both; but if the amount so embezzled, misapplied, stolen, or obtained by fraud does not exceed $100, he shall be fined not more than $1,000, or imprisoned not more than one year, or both.

United States v. Coleman, 590 F.2d 228, 229 n.1 (7th Cir. 1978) (emphasis added).

////

---

[2] To the extent defendant is arguing that even if food is a subject of the grant, the theft of food-related supplies is not, this court finds that distinction untenable. The statute clearly permits the funds to be used not only for food, but also for "the cost of processing, distributing, transporting, storing or handling thereof." 42 U.S.C. § 1757(d).

[3] The absence of case law applying § 1760 to the theft of cafeteria food and supplies is not particularly surprising. This court assumes such theft would typically be prosecuted under state laws. However, defendant cites no case law for the proposition that theft which is a violation of state law cannot also be a violation of federal law.

4

In at least two cases, courts considered whether the personal use of the services of workers paid by funds supplied through CETA grants violated § 665. The issue in these cases was whether the word "property" in § 665 was broad enough to encompass the workers' services. However, in both cases, courts were considering "property" paid for by funds supplied by the CETA grants. No question was raised that the statute applied only to funds received through CETA. Rather, the courts assumed that property purchased with funds supplied through the grants was "property which [is] the subject of a grant." See Coleman, 590 F.2d at 231; United States v. Brown, 521 F. Supp. 511 (W.D. Wis. 1981).[4]

Finally, defendant argues strenuously that theft such as that at issue here should be a matter for state, not federal, courts. While this policy argument may have some appeal, it falls flat when the court considers that theft of property purchased by state agencies with federal grant funds have been the subject of federal criminal prosecutions under other statutes. See, e.g., United States v. Harris, 729 F.2d 441 (7th Cir. 1984) (federal prosecution of the theft of building materials purchased by the Chicago Housing Authority with federal HUD funds); Coleman, 590 F.2d at 231 (federal prosecution of personal use of workers paid with federal funds).

**III.     Is the Statute Ambiguous?**

"We look first to the plain language of the statute, construing the provisions of the entire law, including its object and policy, to ascertain the intent of Congress. Then, if the language of the statute is unclear, we look to its legislative history." Alarcon v. Keller Indus., Inc., 27 F.3d 386, 389 (9th Cir.1994) (internal citations omitted). As defendant points out, an examination of the entire law shows that in 42 U.S.C. § 1761(o)(2), involving penalties for theft or fraud in the summer food service program for children, Congress specifically included "property derived from

---

[4] To the extent the present case differs from Coleman because the food and supplies at issue may not have been purchased solely with federal grant money, that is an issue for resolution by the fact-finder. At this juncture, the court is required to take the facts alleged in the information as true. The court has not considered factual evidence submitted by either party that exceeds the facts alleged in the information. The court also notes that while the government refers to exhibits in its opposition brief, no exhibits are attached to that document. (ECF No. 62.) However, because the court considers only legal arguments here, any factual assertions made in those exhibits is not relevant.

5

benefits provided by this section" in addition to "benefits provided by this section." As a general rule, where Congress "includes particular language in one section of a statute but omits it in another " it is generally presumed that the difference was an intentional choice. <u>Keene Corp. v. United States</u>, 508 U.S. 200, 208 (1993) (citing <u>Russello v. United</u> States, 464 U.S. 16, 23 (1983)).

This court is not convinced that the inclusion of that language in § 1761(o)(2) means that it was intentionally excluded from § 1760(g) because the provisions are not similarly worded. Section 1761(o)(2) creates criminal penalties for one who "willfully embezzles, misapplies, steals, or obtains by fraud, false statement, or forgery, <u>any benefits</u> provided by this section <u>or any money, funds, assets, or property derived from benefits</u> provided by this section." 42 U.S.C. § 1761(o)(2) (emphasis added). The difference is that § 1760(g) includes "property" in the initial clause of a similar statement: "[w]hoever embezzles, willfully misapplies, steals, or obtains by fraud <u>any funds, assets, or property that are the subject of a grant</u>. . . ." 42 U.S.C. § 1760(g) (emphasis added). Further, this court cannot fathom why Congress would criminalize the theft of food from a summer lunch program but not the theft of food from a school lunch program.

This court does not find § 1760(g) ambiguous. Congress intended to set criminal penalties for the misuse of School Lunch Program funds and "property." As set forth in the prior section, items purchased with grant funds are "property subject to a grant." Whether or not the prosecution of cafeteria workers under this section is the best use of the federal criminal system is not an issue for this court to decide. The only question is whether the plain language of § 1760(g) covers food and supplies purchased with grant funds. This court finds that it does.

Because this court finds the statute unambiguous, it need not reach the statutory construction issues raised by defendant. See <u>United States v. Nader</u>, 542 F.3d 713, 721 (9th Cir. 2008) (The rule of lenity applies "only where after seizing everything from which aid can be derived, the Court is left with an ambiguous statute." (Internal quotations marks and citations omitted.)); <u>Boren</u>, 278 F.3d at 915 (court need not look to legislative history of statute unless the language of the statute is unclear).

////

**CONCLUSION**

This court finds 42 U.S.C. § 1760(g) covers the theft of food and supplies purchased with funds received through the National School Lunch Program or Child and Adult Food Care Program. Accordingly, IT IS HEREBY ORDERED that defendant's motion to dismiss (ECF No. 58) is denied.

Dated: May 30, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/orders.criminal/shir0004.2255 mtd